## UNITED STATES of America, Plaintiff–Appellee,

v.

## Jorge FLORES–VELASQUEZ, Defendant–Appellant.

### No. 04–51264. Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Feb. 23, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Jorge Flores–Velasquez (Flores) appeals from a guilty-plea conviction for being an alien unlawfully present in the United States after deportation. *See* 8 U.S.C. § 1326.

For the first time on appeal, Flores argues that the district court violated the holding in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by increasing his criminal history score based upon facts not admitted by him or found by a jury and by sentencing him under an unconstitutional sentencing guideline scheme. Flores's arguments are reviewed for plain error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005). Flores does not demonstrate that the district court would have imposed a different sentence under an advisory guideline scheme. *See id.* at 521–22. Accordingly, Flores cannot establish that his substantial rights were affected. *See id.*

Flores also challenges the constitutionality of § 1326(b). His constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Flores contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.),

---

*cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Flores properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.